SUCCESSORS OF HILARIO SANTOS LTD., Plaintiffs and Appellees, *v.* QUINTANA BROS. & Co. ET AL., Defendants and Appellants.

No. 4503. Argued June 26, 1928.—Decided March 13, 1929.

*González Fagundo & González Jr.* for the appellants. *Soto Gras* and *M. H. Ramírez* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendants in an action on a promissory note appeal from a judgment for plaintiffs.

The first ground of appeal is that the court below over-estimated the probative value of a certain notarial instrument introduced in evidence by plaintiffs to prove the transfer and ownership of the note produced by them at the trial. By the terms of this instrument the firm Hilario Santos & Company was dissolved and a new firm, Hilario Santos, Successors, S. en C., was organized. The capital of the new firm was made up entirely of the assets belonging to the former firm, each of the partners contributing his share of such assets. Full power was conferred upon the new partnership to liquidate for its own benefit the affairs of the old firm.

The note was made payable to Hilario Santos & Company. In the instrument of dissolution each of the partners acknowledged full payment and settlement of his share or interest as shown by a balance upon the books of the firm.

The argument for appellants is that upon dissolution of the old firm the assets of necessity became the property of the individual partners; that in the absence of the books or of the balance referred to there was nothing to show to which of the partners the note was allotted or by whom it was transferred to the new firm, and that the clause conferring upon the new firm power to liquidate the affairs of the old firm was of no avail because there was nothing to liquidate.

There is nothing to indicate that any actual distribution of assets was attempted, nor was an allotment and delivery of specific property to each individual partner necessary in order to accomplish the desired result. Theoretically, of course, a certain proportion or undivided interest in the property of the old firm vested in each of the partners and was then contributed by him as a part of the capital with which the new concern was to begin business. The note was one of the assets of Hilario Santos & Company. Whether it

was allotted to an individual member of that firm and was contributed by him to the new partnership, or whether an undivided interest in the note vested in each of the partners and was contributed by each of these partners as a part of his share in the capital of the new concern is not a matter of vital importance. All of the assets of Hilario Santos & Co. passed, through the individual partners, into the hands of Hilario Santos, Successors, S. en C. The notarial instrument, supplemented by production and identification of the note at the trial, was enough to show an assignment and *prima facie* ownership in plaintiffs.

Another contention of appellants assails the probative value of a subsequent notarial instrument, whereby the firm, Hilario Santos, Successors, S. en C., was dissolved and one of the partners was named as liquidator.

The argument in support of this contention is substantially the same as that advanced to sustain the first ground of appeal already discussed. The only difference is that here greater stress is laid upon the conclusion that there was nothing to liquidate.

In the notarial instrument now under consideration the parties (as upon the former occasion above mentioned) approve and ratify a balance which is said to appear upon the books of the firm. The dissolution, however, is not wholly consummated, but is made to rest upon certain future conditions. The gist of the agreement is that "upon liquidation of the partnership capital and upon payment of losses out of the shares belonging to the partner Sergio E. Santos, the only party concerned therein, the parties acknowledge full payment and satisfaction." Sergio E. Santos was the partner named as liquidator. The plain purpose of the parties was, we think, not an immediate and complete dissolution of the partnership, but a dissolution to be consummated in the usual way through an orderly liquidation of pending business and the settlement and discharge of outstanding obligations.

Other questions suggested in the brief for appellants, in

so far as not already disposed of or precluded by the state of the pleadings, do not demand separate discussion.

The judgment appealed from must be affirmed.